# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**ANA SANTOS,**

     *Plaintiff,*

 v.

**CLARITY SERVICES, INC.,**

     *Defendant.*

Case No.: 8:26-cv-1707

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, Ana Santos ("Ms. Santos"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, Clarity Services, Inc. ("Clarity"), stating as follows:

## PRELIMINARY STATEMENT

1. This is an action brought by Ms. Santos for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. The Defendant is subject to the provisions of the FCRA and to the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k) and § 48.193, Fla. Stat.

4. Venue is proper in the Middle District of Florida, Tampa Division, because the acts complained of were committed and/or caused by the Defendant within Hillsborough County, Florida, which is within this Division.

## PARTIES

5.　　Ms. Santos is a natural person residing in the city of Riverview, Hillsborough County, Florida.

6.　　Clarity is a Delaware corporation with a principal business address located at 475 Anton Boulevard, Costa Mesa, CA 92626.

7.　　Clarity is registered to conduct business in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

8.　　Clarity is a *Consumer Reporting Agency* ("CRA") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

### Clarity's Inaccurate Consumer Reports Regarding Ms. Santos

9.　　Around April 2021, Clarity began maintaining a credit file on Ms. Santos.

10.　　Clarity, a CRA that predominantly serves the needs of online lenders making short-term loans, programs its systems to acquire and report as much information as possible, with little regard to the quality or accuracy of the data.

11.     For example, Clarity reported that Ms. Santos has *three* Florida driver's licenses even though she does not, nor is it even possible for a person to have three different Florida driver's licenses.

12.     Ms. Santos' credit file contains numerous impossible addresses and inconsistencies including entries where a single street address is attributed to conflicting cities (e.g., "XXXXX FIELD THISTLE CT" reported concerning both "RIVERVIEW, FL 33579" and "BRANDON, FL 33511").[1]

13.     Clarity's credit scoring system specifically looks at the number of changes to a consumer's residential history; the more frequently a consumer has new address information reported about them (even if the address is the same but with a small variation), the worse a consumer will score.

14.     Furthermore, Clarity also incorporated data showing Ms. Santos had conflicting housing statuses during overlapping time frames. For example, as of February 6, 2026, Clarity had incorporated 80 reports indicating Ms. Santos' housing status was "RENT." Yet, as of March 31, 2026, Clarity also incorporated 48 reports indicating Ms. Santos' housing status was "OWN." These overlapping timeframes are mutually exclusive.

15.     By failing to reconcile or verify these 128 conflicting reports, Defendant effectively abandoned its duty under 15 U.S.C. § 1681e(b) to ensure maximum possible

---

[1] Ms. Santos' Clarity credit disclosure contains the full address, but it has been redacted here for privacy.

accuracy, instead choosing to publish a data that portrays Ms. Santos' financial life as inherently unstable and unreliable.

16. In that same vein, Clarity frequently misreported Ms. Santos' length of residential history, often contradicting themselves in their own reporting.

17. For example, on January 2, 2026, Clarity incorporated data indicating Ms. Santos had been residing at her current address for 0 Months. Yet, on January 13, 2026, Clarity incorporated data indicating Ms. Santos had lived at her current address for 60 Months.

18. Clarity's report thus indicates Ms. Santos gained five years of residential history at her address in just 11 days, which is obviously and, on its face, impossible.

19. Additionally, on May 23, 2025, Clarity reported Ms. Santos resided at her current address for "240 Months," or 20 years, which conflicts with nearly all of Clarity's other reports. For example, while it incorporated data that as of May 2025, Ms. Santos had lived at her address for 20 years, Clarity also reported that as of August 11, 2025, Ms. Santos had lived at her address for 144 months, or 12 years.

20. Thus, Clarity's report indicates Ms. Santos "lost" eight years of residential history at her address in just under three months which is nonsensical and clearly inaccurate.

21. Clarity's repeated reports that Ms. Santos resided at her current address for "0 Months" created the false and negative impression that either she had recently moved or was unhoused.

22. The overlapping and contradictory residential timelines reported by Clarity create a facially inaccurate and frankly nonsensical residential history that violates the mandate of 15 U.S.C. § 1681e(b) and creates the negative and false impression that Ms. Santos has been unhoused, moves residences frequently, or resides at multiple residences simultaneously.

23. Clarity's report regarding Ms. Santos' employment history is riddled with duplicative entries and obvious errors that create a misleading picture of Ms. Santos' employment stability.

24. For instance, on May 23, 2025, Clarity incorporated data indicating Ms. Santos had been with her current employer for 240 Months, or 20 years. On August 11, 2025, Clarity reported Ms. Santos had been with her employer for 144 Months, or 12 years. Clarity's report thus shows Ms. Santos lost eight years of tenure in less than three months.

25. Additionally, Clarity last reported Ms. Santos had been with her employer for "0 Months" as of March 31, 2026 at 3:00:38pm. However, approximately 30 seconds later on March 31, 2026 at 3:01:09, Clarity last reported Ms. Santos had been with her employer for "108 Months."

26. It is physically impossible and patently absurd that an individual could obtain approximately nine years of tenure in just 30 seconds.

27. The multiple timeline impossibilities Clarity reported with respect to Ms. Santos' employment tenure are not only patently absurd given their chronological

impossibilities, but they also create a misleading and unreliable record of Ms. Santos' employment stability.

28.     Clarity's incorporation of inaccurate, conflicting, and obviously false reports of Ms. Santos' employment history fails to reflect Ms. Santos' true professional record, portrays her as having pervasive employment instability, and creates a materially misleading profile that violates the accuracy requirements of 15 U.S.C. § 1681e(b).

29.     Many subprime lenders – the type of lenders Clarity services almost exclusively – carefully examine the length of time a consumer has been at the same employer, as income stability is a key factor analyzed in their underwriting decisions.

30.     A credit report indicating "0 Months" on the job will frequently impact a consumer's ability to be approved, as a short (or no) time at an employer is viewed negatively.

31.     Clarity also incorporated reporting that indicated Ms. Santos' monthly income varied dramatically. For example, in the six-month period between June 2025 and December 2025, Clarity incorporated data indicating Ms. Santos' monthly income was: $0 per month, $3,920 per month, $4,536 per month, $5,416 per month, $7,000 per month, $7,800 per month, $8,580 per month. None of these figures are correct.

32.     Wild swings in a consumer's income are viewed almost universally negatively by creditors who obtain reports from Clarity, since it is a hallmark of income instability.

33. Clarity's inclusion of demonstrably false information about Ms. Santos' income and employment had a significant negative impact on Ms. Santos' ability to obtain new credit.

34. Ms. Santos previously sued Clarity, highlighting a number of the issues with its systems for ensuring accuracy of consumer reports. *See Ana Santos v. Clarity Services, Inc.,* M. D. Fla. Case 8:25-cv-00074 (filed January 10, 2025).

35. Prior to January 2025, Clarity had mixed Ms. Santos' file with that of another consumer, resulting in a plethora of information belonging to that other consumer appearing on her consumer reports.

36. While Clarity appears to have "un-mixed" her file, it has since added all of the inaccurate information outlined above.

37. Since the conclusion of the 2025 lawsuit, Clarity has sold 54 reports on Ms. Santos.

38. Each of these reports contained false and preposterous information about Ms. Santos' employment history, housing status, income, and more.

39. The FCRA is clear in its requirement that Clarity, as a CRA, is required to prepare accurate reports:

> Accuracy of Report. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. *15 U.S.C. §1681e(b).*

40. Clarity was required to follow reasonable procedures to assure maximum possible accuracy of the information concerning Ms. Santos.

41.     Selling reports containing logically-impossible information is a clear abrogation of this legal duty.

**Clarity Fails to Meaningfully Disclose Legally-Required Information**

42.     On April 1, 2026, Ms. Santos requested her Clarity consumer credit disclosure.

43.     Upon receipt of Ms. Santos' request, Clarity was required to "clearly and accurately" disclose all information in Ms. Santos' file at the time of her request, including the identification of *each* person, including an end user if the report was obtained by a reseller, who obtains a consumer report from Clarity within the prior year *for any purpose.* See 15 U.S.C. § 1681g(a)(3)(A)(ii).

44.     "Identification" is defined in the FCRA as "the name of the person, or if applicable, the trade name (written in full) under which such person conducts business." 15 U.S.C. § 1681g(a)(3)(B)(i).

45.     Frequently, Clarity fails to even come close to fulfilling its legal obligations to disclose this data, often disclosing what can be fairly called incomprehensible information which virtually no one would comprehend.

46.     For example, Clarity's disclosure shows these inquiries made during the last year:

| 1/2/2026 1:16:57 pm EST cj6wvznhgw | Credit Application | Online Line of Credit | CCFLOW/TLS/AF247 |
| 10/10/2025 8:06:24 am EDT 00t1gqd68m | Credit Application | Online Line of Credit | CCFLOW/TLS/AF247 |
| 8/7/2025 2:15:40 pm EDT fgmd7fk4dq | Credit Application | Online Line of Credit | CCFLOW/TLS/AF247 |

| | | | |
|---|---|---|---|
| 9/17/2025 12:45:27 pm EDT egne0f471e | Credit Application | Online Installment Loan | CCBank/TLS/Lendly/Qfund |
| 9/17/2025 12:45:25 pm EDT 1spkdh432t | Credit Application | Online Installment Loan | CCBank/TLS/Lendly/Qfund |
| 9/16/2025 12:22:04 pm EDT 255x50j6tx | Credit Application | Online Line of Credit | CCB/TLS/MK Analytics/Propel |
| 6/18/2025 11:07:12 am EDT mefx4s1n1a | Credit Application | Online Line of Credit | CCB/TLS/MK Analytics/Propel |
| 6/4/2025  8:08:45 am EDT kqr5rcfn06 | Credit Application | Online Line of Credit | CCB/TLS/MK Analytics/Propel |
| 1/13/2026  6:57:19 pm EST r49w8afnxy | Credit Application | Online Installment Loan | Uplift Loans/Tekambi/Financial Technologies Consulting |
| 11/27/2025  5:20:41 pm EST gm2p92q6jr | Credit Application | Online Installment Loan | Uplift Loans/Tekambi/Financial Technologies Consulting |
| 10/7/2025 12:54:19 pm EDT g639p3zqk6 | Credit Application | Online Installment Loan | Uplift Loans/Tekambi/Financial Technologies Consulting |

47.     In each of these inquiries, Clarity disclosed multiple different end users as a single entity, each supposedly making a single credit inquiry without Clarity indicating which entity actually requested the report.

48.     Furthermore, Clarity disclosed these entities using abbreviations or shortened names that no reasonable consumer would understand.

49.     The lack of accurate, full disclosure of who had obtained her credit reports caused Ms. Santos great frustration and emotional distress and made her concerned she was the victim of fraud or identity theft.

50.     Clarity has been failing to provide the legally-required tradenames of persons obtaining credit reports, written in full, for at least 10 years, and often substitutes impossible-to-understand shorthand instead.

51.     Additionally, Clarity redacted Ms. Santos' disclosure without cause. For example, Clarity redacted all but the last four digits of the "three" driver's licenses Ms.

Santos supposedly has, even though Clarity includes the full license number in reports it sells to creditors and potential creditors.

52.     Clarity also redacted the account numbers of the credit accounts in Clarity's file on Ms. Santos, even though Clarity includes the full account numbers in reports it sells to creditors and potential creditors.

53.     Nothing in the FCRA allowed Clarity to redact this information, but it did so anyway.

### Clarity Fails to Investigate Disputes

54.     Clarity, unlike its parent company, Experian Information Solutions, Inc. ("Experian"), does not provide consumers any ability to dispute inaccurate information online.

55.     In April 2026, Ms. Santos disputed the accuracy of the false information on appearing on her consumer disclosure to Clarity, mailing Clarity the letter attached hereto as Exhibit A (personal identifying information redacted).

56.     Clarity, upon receipt of Ms. Santos' dispute, was required to make a reasonable investigation into her disputes and report the results of the investigation back to her within 30 days. *See* 15 U.S.C. § 1681i(a)(1)(A).

57.     Clarity did not respond to Ms. Santos' dispute, and to date, Clarity has not made any change or annotation of the disputed information in Ms. Santos' Clarity report.

58.     Thus, Clarity failed to make a reasonable investigation as required by the FCRA, § 1681i(a)(1)(A), since it failed to conduct any investigation.

59.     The fact that Clarity failed to make any investigation into multiple and obvious errors is *unreasonable.*

60.     Clarity frequently fails to investigate consumer disputes, either ignoring them completely or sometimes sending a form letter to the consumer stating it could not identify what was being disputed, even when the consumer's dispute is crystal-clear.

61.     Clarity, unlike Experian, does not utilize e-OSCAR, an online platform designed to quickly, efficiently, and effectively resolve consumer disputes.

62.     Clarity must thus use much more labor-intensive methods to investigate disputes.

63.     On information and belief, Clarity frequently sends form letter to consumer disputing information, as a means to avoid the time and cost of investigating consumer disputes, which it lacks any efficient way of processing; alternately, it just ignores the disputes completely.

64.     As a result of the Defendant's actions, Ms. Santos has suffered damages, including wasted time trying to figure out what the information in her clarity file means and how it got there, lost financial opportunities, loss of credit, lower credit scores, significant emotional distress and aggravation, and damage to her reputation.

65.     Ms. Santos has also suffered severe emotional distress, has spent time and money to correct her file and force Clarity to comply with its statutory obligations, and in procuring counsel.

66.     Ms. Santos has hired the undersigned law firm to represent her in this matter and has assigned the firm her right to fees and costs.

## COUNT I
## CLARITY'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)

67.     Ms. Santos adopts and incorporates paragraphs 1 – 66 as if fully stated herein.

68.     Clarity willfully violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports sold regarding Ms. Santos, as reasonable procedures would not have resulted in Clarity's sale of consumer reports containing erroneous and preposterous information about Ms. Santos' income, length of residence, employment, frequency of pay, and more.

69.     Clarity has been sued on numerous occasions for very similar situations and knows that it frequently sells reports with erroneous information about consumers.

70.     Clarity's conduct was thus willful or done with a reckless disregard for Ms. Santos' rights under the FCRA.

71.     As a result of its conduct, Clarity is liable to Ms. Santos pursuant to the FCRA for the greater of Ms. Santos' actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs, per 15 U.S.C. § 1681n.

**WHEREFORE**, Ms. Santos respectfully requests this Honorable Court enter judgment against Clarity for:

a.   The greater of Ms. Santos' actual damages and statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.   Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.   Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

d.   Such other relief that this Court deems just and proper.

## COUNT II
## CLARITY'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)

### Pled in the Alternative to Count I

72.   Ms. Santos adopts and incorporates paragraphs 1 – 66 as if fully stated herein, and pleads this count strictly in the alternative to Count I.

73.   Clarity owed Ms. Santos a legal duty to utilize reasonable procedures to ensure the maximum possible accuracy of its consumer reports regarding Ms. Santos.

74.   Clarity breached its duty when it sold numerous consumer reports containing erroneous and preposterous information about Ms. Santos' income, length of residence, employment, frequency of pay, and more.

75.   Clarity's breach amounts to a negligent violation of **15 U.S.C. § 1681e(b)**, and Ms. Santos is entitled to her actual damages, attorneys' fees, and costs, pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Ms. Santos respectfully requests this Honorable Court enter judgment against Clarity for:

a.    Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and

c.    Such other relief that this Court deems just and proper.

**COUNT III**
**CLARITY'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681g(a)(1)**

76.    Ms. Santos adopts and incorporates Paragraphs 1 – 66 as if fully restated herein.

77.    Clarity violated 15 U.S.C. § 1681g(a)(1) when it failed to clearly and accurately disclose all the information it had in its file by providing Ms. Santos with a redacted version of her Consumer Disclosure, including information which became meaningless when redacted, and which was not redacted when sold to Ms. Santos' creditors.

78.    Clarity has been notified through litigation that its disclosures to consumers fail to properly disclose this information.

79.    Clarity's conduct was thus willful and intentional, or, alternatively, was performed with reckless disregard for its duties under the FCRA to provide clear and accurate disclosures.

80.    As a result of its conduct, Clarity is liable to Ms. Santos pursuant to the FCRA for the greater of Ms. Santos' actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs, per 15 U.S.C. § 1681n.

**WHEREFORE**, Ms. Santos respectfully requests this Honorable Court enter judgment against Clarity for:

a.     The greater of Ms. Santos' actual damages and statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.     Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.     Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

d.     Such other relief that this Court deems just and proper.

## COUNT IV
## CLARITY'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681g(a)(1)

### Pled in the alternative to Count III

81.     Ms. Santos adopts and incorporates Paragraphs 1 – 66 as if fully restated herein and strictly pled in the alternative to Count III.

82.     Clarity owed Ms. Santos a legal duty to accurately disclose all the information in her credit file upon her request.

83.      Clarity breached this duty when it only provided Ms. Santos with a redacted version of her Consumer Disclosure, including information which became meaningless when redacted, and which was not redacted when sold to Ms. Santos' creditors.

84.     Clarity's breach amounts to a negligent violation of 15 U.S.C. § 1681g(a)(1), and Ms. Santos is entitled to her actual damages, attorneys' fees, and costs pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, MS. Santos respectfully requests this Honorable Court enter judgment against Clarity for:

a.    Ms. Santos' actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.    Such other relief that this Court deems just and proper.

## COUNT V
## CLARITY'S WILLFUL VIOLATION OF the FCRA, 15 U.S.C. § 1681g(a)(3)(A)(ii)

85.    Ms. Santos incorporates, by reference, paragraphs 1 – 66 as if fully restated herein.

86.    Clarity violated **15 U.S.C. § 1681g(a)(3)(A)(ii)** when it failed to identify each person, including the end-user, when applicable, that procured Ms. Santos' consumer report during the one-year period preceding the date upon which she made the request.

87.    Clarity is aware that its consumer disclosures fail to properly identify end-users via multiple consumer lawsuits complaining of the same.

88.    Clarity's conduct was willful, intentional, and exhibited a reckless indifference to its duties to provide clear and accurate disclosures pursuant to the FCRA.

89.    Consequently, Clarity is liable to Ms. Santos for the greater of Ms. Santos' actual damages or statutory damages of up to $1,000 for *each occurrence*,

punitive damages, reasonable attorneys' fees, and costs, pursuant to 15 U.S.C. § 1681n.

**WHEREFORE**, Ms. Santos respectfully requests this Honorable Court enter judgment against Clarity for:

a.   The greater of Ms. Santos' actual damages or statutory damages of $1,000 *per incident* pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.   Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.   Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

d.   Any other relief that this Court deems just and proper under the circumstances.

**COUNT VI**
**CLARITY'S NEGLIGENT VIOLATION OF THE FCRA, 15 U.S.C. § 1681g(a)(3)(A)(ii)**

**Pled in the alternative to Count V**

90.   Ms. Santos incorporates, by reference, paragraphs 1 – 66 as if fully restated herein and plead in the alternative to Count V.

91.   Clarity owed Ms. Santos a legal duty to disclose the identity of each user that obtained her consumer report within one year of Ms. Santos' request.

92.   Clarity breached this duty when it failed to identify each person, including the end-user, when applicable, who procured Ms. Santos' consumer report during the one-year period preceding the date upon which she made the request.

93.     Clarity's breach amounts to a negligent violation of 15 U.S.C. § 1681g(a)(3)(A)(ii), and Ms. Santos is entitled to actual damages, attorneys' fees, and costs pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Ms. Santos respectfully requests this Honorable Court enter judgment against Clarity for:

a.      Ms. Santos' actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.      Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.      Any other relief this Court deems just and proper under the circumstances.

## COUNT VII
## WILLFUL VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681i(a)(1)(A)

94.     Ms. Santos hereby incorporates paragraphs 1 – 66 as if fully stated herein.

95.     Clarity violated 15 U.S.C. § 1681i(a)(1)(A) when it failed to conduct a reasonable investigation into Ms. Santos' dispute regarding inaccurate information in her credit file, since it failed to conduct any investigation at all.

96.     Clarity's conduct was a result of its regular policies and procedures, which frequently result in it not conducting any investigation at all, and/or claiming it "can't identify" what the consumer is disputing, even when it is abundantly clear, as in the instant matter.

97.     Clarity's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable

investigations, and its policies could reasonably be foreseen to cause harm to Ms. Santos.

98.     Accordingly, pursuant to 15 U.S.C. § 1681n, Clarity is liable to Ms. Santos for the greater of her actual damages and statutory damages of up to $1,000 for each occurrence, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Ms. Santos respectfully requests this Honorable Court to enter judgment against Clarity for:

a.     The greater of statutory damages of **$1,000** per incident or Ms. Santos' actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.     Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.     Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3); and,

d.     Such other relief that this Court deems just and proper.

## COUNT VIII
## NEGLIGENT VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681i(a)(1)(A)

### Pled in the alternative to Count VII

99.     Ms. Santos adopts and incorporates Paragraphs 1 – 66 as if fully restated herein and strictly pled in the alternative to Count VII.

100.     Clarity had a legal duty to reasonably investigate Ms. Santos' disputes.

101.     Clarity breached this duty when it failed to make any investigation whatsoever.

102.   Thus, Clarity violated 15 U.S.C. § 1681i(a)(1)(A) when it failed to conduct a reasonable investigation into Ms. Santos' dispute regarding inaccurate information in her credit file, since it failed to conduct any investigation at all.

103.   Clarity's conduct was a result of its regular policies and procedures, which frequently result in it not conducting any investigation, and/or claiming it "can't identify" what the consumer is disputing, even when it is abundantly clear, as in the instant matter.

104.   Clarity's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Ms. Santos.

105.   Accordingly, pursuant to 15 U.S.C. § 1681n, Clarity is liable to Ms. Santos for the greater of her actual damages and statutory damages of up to $1,000 for each occurrence, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Ms. Santos respectfully requests this Honorable Court to enter judgment against Clarity for:

a.   Ms. Santos' actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.   Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.   Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted on June 11, 2026, by:

**SERAPH LEGAL, P.A.**

/s/ *Bryan J. Geiger*
Bryan J. Geiger, Esq.
Florida Bar No.: 119168
BGeiger@SeraphLegal.com
3505 East Frontage Road, Suite 145
Tampa, FL 33607
Tel: 813-567-1230
Fax: 855-500-0705
*Counsel for Plaintiff*